IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAY BEAVERS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| CITY OF ONEONTA, ALABAMA; | ) | |
| TOMMY HERD; and DAVID EGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Ray Beavers complains of defendants, stating as follows:

### Parties

1.      Ray Beavers is of legal age and a U.S. citizen. He resides in Cleveland, Alabama.

2.      Defendant the City of Oneonta, Alabama is a municipality organized and existing under the laws of the state of Alabama.

3.      Defendant Tommy Herd was employed by the City of Oneonta as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

4.      Defendant David Egan was employed by the City of Oneonta as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

## Facts

5.      On or about May 8, 2020, Egan and Herd arrested plaintiff.

6.      Egan and Herd arrested plaintiff for trespassing.

7.      Plaintiff was trying to drop off some mail for his soon-to-be former wife at her house.

8.      The wife called the police about plaintiff being at her house but did not allege any crime by plaintiff, only that plaintiff was at her door knocking.

9.      There was no probable cause for the arrest.

10.     The officers nevertheless arrested plaintiff.

11.     The officers first frisked Beavers and confirmed he was not armed.

12.     Beavers was 71 years of age and recovering from rotator cuff surgery at the time of the arrest.

13.     When Herd started to cuff Beavers, Beavers informed the officers that he had recently had rotator cuff surgery.

14.     Beavers informed the officers that his arm would not go behind his back.

15.     Beavers begged the officers to cuff him in the front.

16.     Herd could feel that Beavers' arm would not go behind his back.

17.     Herd insisted that he was required by City of Oneonta police policy to cuff Beavers behind his back.

18.     Egan, a sergeant, observed that Beavers' arm would not go behind

2

Beavers' back.

19.   As Egan watched and did nothing, Herd forced Beavers' arm behind his back until it popped, re-injuring Beavers' shoulder.

20.   This Oneonta police policy regarding handcuffing was promulgated by Charles Clifton, the Oneonta police chief.

21.   This policy is deliberately indifferent to the health and safety of arrestees with disabilities.

22.   It was known to Clifton that this policy would lead to unnecessary pain and suffering and injuries to persons with certain physical disabilities who cannot be safely cuffed behind the back.

23.   Clifton knew this from attending seminars and from his own training.

24.   It is standard as a matter of national police standards that individuals with certain physical disabilities should be cuffed in front.

25.   Nevertheless, Clifton promulgated this policy.

**Count I - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest (Herd and Egan)**

26.   On or about May 8, 2020, Herd and Egan, acting under color of law within the meaning of 42 U.S.C. § 1983, seized Beavers without reasonable suspicion or probable cause, thereby depriving Beavers of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, Herd and Egan violated Beavers' right to be free from

unlawful seizure.

27.    Herd and Egan acted with malice or reckless indifference to Beavers' constitutional rights.

28.    As a result of the conduct of defendants, Beavers has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count II - 42 U.S.C. § 1983 - Excessive Force (Herd and Egan Only)

29.    On or about May 8, 2020, Herd and Egan, acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and battered Beavers, thereby depriving Beavers of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983.  Specifically, they violated Beavers' right to be free from excessive force.

30.    Herd and Egan acted with malice or reckless indifference to Beavers' constitutional rights.

31.    As a result of the conduct of defendants, Beavers has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count III - State Law - False Arrest / False Imprisonment (Herd and Egan Only)

32.    On or about May 8, 2020, Herd and Egan seized Beavers without

probable cause.

33. The conduct of Herd and Egan was either negligent, wanton, malicious, willful, or in bad faith.

34. As a result of the conduct of defendants, Beavers has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count IV - State Law - Assault and Battery / Excessive Force
### (Herd and Egan Only)

35. On or about May 8, 2020, Herd and Egan assaulted and battered and used excessive force on Beavers.

36. The conduct of Herd and Egan was either negligent, wanton, malicious, willful, or in bad faith.

37. As a result of the conduct of defendants, Beavers has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### COUNT V - ADA (City Only)

38. Beavers' shoulder impairment was an impairment that substantially limited one or more of his major life activities. Beavers, therefore, had a disability within the meaning of the ADA.

39. Defendant City is a public entity within the meaning of Title II of the

ADA.

40.    Therefore, the City is required to accommodate persons with disabilities.

41.    As described above, the City, through the actions of its officers, failed to accommodate Beavers, a disabled person, by cuffing him in the front.

42.    The City police chief, acting with deliberate indifference, implemented a policy prohibiting reasonable accommodation of persons with disabilities like the one Beavers had.

43.    As a result of the conduct of defendant, Beavers has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## Other Matters

44.    All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

45.    As relief, plaintiff seeks the following:

   a.    That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

   b.    That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover;

   a.    That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   b.    That he be awarded the costs of this action, his reasonable

attorney's fees, and his reasonable expert witness fees;

e.  That he be awarded such other and further relief to which he is justly entitled.

**Dated: May 6, 2022.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III

7